UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KYLE JIGGETTS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SEIU, LOCAL32BJ and ALLIEDBARTON | ) |
| SECURITY SERVICES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**11 CIV 4667**

Civil Action No.

JUL 6 2011

U.S.D.C. S.D. N.Y.
CASHIERS

## NOTICE AND PETITION OF REMOVAL

Defendants Local 32BJ, Service Employees International Union and AlliedBarton Security Services, LLC (collectively referred to as "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice of removal of an action against Defendants entitled <u>Kyle Jiggetts v. SEIU, Local 32 BJ, AlliedBarton Security Services</u>, Index No. 11-401608, currently pending in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Defendants state the following in support of their Notice and Petition of Removal:

1.      On June 21, 2011, Plaintiff Kyle Jiggetts ("Plaintiff") commenced an action against Defendants entitled <u>Kyle Jiggetts v. SEIU, Local 32 BJ, AlliedBarton Security Services</u>, Index No. 11-401608, in the Supreme Court of the State of New York, County of New York.

2.      Defendants Local 32BJ, SEIU ("Local 32BJ") was served with copies of Plaintiff's Request for Judicial Intervention, Verified Petition, Notice of Petition and Complaint, with exhibits, on June 22, 2011. To date, Plaintiff has not served Defendant AlliedBarton Security Services, LLC ("AlliedBarton") with any papers in this action.

3.    The attached copies of Plaintiff's Request for Judicial Intervention, Verified

Petition, Notice of Petition and Complaint, with exhibits, constitutes all process, pleadings and

orders served on Defendants to date.  (See documents attached hereto as Exhibit A).

4.    To date, there have been no proceedings in the state court action, and none of the

Defendants have filed an answer, made motions, or made any appearance in that action.

5.    Both named Defendants consent to removal of this state court action to federal

court under the authority cited below.[1]

6.    In his Complaint, Plaintiff seeks to compel arbitration of a labor dispute that

arises under a collective bargaining agreement ("CBA").  (Verified Petition ¶3; Complaint ¶¶4-

9).  Specifically, Plaintiff alleges that he was laid off from his employment with AlliedBarton

and that AlliedBarton recalled other employees who possessed less seniority than Plaintiff and

that such actions violated the applicable CBA.  (Complaint ¶¶4-7).

7.    Plaintiff further alleges that Local 32BJ, a labor organization within Section 2(5)

of the National Labor Relations Act, 29 U.S.C. § 152(5), who represented Plaintiff, along with

certain other AlliedBarton employees for purposes of collective bargaining, failed to represent

Plaintiff concerning the alleged violations of the seniority provisions of the CBA.[2]

8.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 185(a) in that it is a civil action with claim arising under the laws of the United States

---

[1]    On July 6, 2011, the undersigned counsel for Local 32BJ spoke telephonically with
Geraldine A. Cheverko, Esq., counsel for AlliedBarton.  Ms. Cheverko stated that although
AlliedBarton had not yet been served in the state court action identified herein, AlliedBarton
consented to removal of this action to federal court.

[2]    Plaintiff filed another action against Defendants concerning the exact same claim about
his seniority rights under the CBA entitled Jiggetts v. Local 32BJ, SEIU et al., 1:10-cv-09082-
DAB-JCF.  That case is currently before Magistrate Judge Francis pending Rule 12(b)(6)
motions to dismiss filed by all three defendants, which include the same defendants in this action
along with the City of New York.

and from the interpretation of a collective bargaining agreement.  See, e.g., Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (federal courts have jurisdiction over disputes concerning the interpretation of a collective bargaining agreement and claims arising under the laws of the United States).  In addition, the only cognizable cause of action Plaintiff is asserting against Local 32BJ, SEIU is for a breach of the Union's duty of fair representation.  Vaca v. Sipes, 386 U.S. 171 (1967) (union breaches duty of fair representation for failing to enforce collective bargaining agreements for reasons that are arbitrary, discriminatory, or in bad faith).  For this reason, this action also arises under 29 U.S.C. § 185.

9.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service upon Defendant Local 32BJ of the Complaint, Verified Petition and Request for Judicial Intervention.

10.    Notice of the Removal has been served upon Plaintiff by mail and a Notice of Removal is being promptly filed with the Clerk of the Court for the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants give notice that the above-captioned action now pending against them in the Supreme Court of the State of New York, County of New York, is removed to this Court on the basis of federal question jurisdiction.

Dated:      July 6, 2011
            New York, NY                     Local 32BJ, SEIU

                                             By: _____
                                                 Lyle D. Rowen (LR 6220)

                                             Local 32BJ, SEIU
                                             Office of the General Counsel
                                             101 Avenue of the Americas, 19th Floor
                                             New York, NY  10013
                                             212-388-3452 (telephone)
                                             212-388-2062 (facsimile)
                                             lrowen@seiu32bj.org

4

**EXHIBIT A**

# REQUEST FOR JUDICIAL INTERVENTION
UCS-840 (3/2011)

| For Court Clerk Use Only |
|---|
| IAS Entry Date: |

Supreme _State_ COURT, COUNTY OF _New York_

Index No: _11-401608_   Date Index Issued: _6-21-11_

| Judge Assigned: |
|---|

| RJI Date: |
|---|

## CAPTION
Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Kyle Jiggetts

                                        PETITIONER (S)

**x**

                                        Plaintiff(s)/Petitioner(s)

-against-

Seiu, Local 32BJ,
Allied Barton Security Services

JUN 22 2011

                                        RESPONDENTS (S)

**x**

                                        Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING: Check ONE box only and specify where indicated.

### MATRIMONIAL
- ○ Contested
- ○ Uncontested

NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.**

### TORTS
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____
  (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____
  (specify)
- ○ Other Negligence: _____
  (specify)
- ○ Other Professional Malpractice: _____
  (specify)
- ○ Other Tort: _____
  (specify)

### COMMERCIAL
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____
  (specify)

NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

### REAL PROPERTY: How many properties does the application include?
- ○ Condemnation
- ○ Foreclosure
Property Address: _____
Street Address   City   State   Zip

NOTE: For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____
  (specify)

### OTHER MATTERS
- ○ Certificate of Incorporation/Dissolution   [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____
  (specify)

### SPECIAL PROCEEDINGS   **X**
- ● CPLR Article 75 (Arbitration)   [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____
  (specify)
- ○ Other Special Proceeding: _____
  (specify)

## STATUS OF ACTION OR PROCEEDING: Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ○ | ● | If yes, date filed: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

[Print in **black** ink all areas in bold letters.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

In the Matter of the Application of

_Kyle Jiggetts_

[fill in name(s)]                           Petitioner(s)

- against -

_SEIU, Local 32BJ, Allied Barton_
_Security Services._

[fill in name(s)]                           Respondent(s)
-----------------------------------------------------------------x

Index Number

_11-401608_

NOTICE OF PETITION

PLEASE TAKE NOTICE that upon the verified petition(s) of _Kyle_
_Jiggetts_ , [your name(s)], sworn to on _June 15_ , 200_1_
[date Verified Petition notarized], and the attached exhibits, petitioner(s) will request this Court,
at 9:30 AM on the _8_ day of _July_ , 200_1_ , [return date] at the Courthouse, at
60 Centre Street, New York, N. Y., in the Motion Support Courtroom, Room 130, for a judgment,
pursuant to the Civil Practice Law and Rules (CPLR), granting the following relief to the
petitioner(s): [briefly describe what you are asking the Court to do] _Please compel_
_defendants to go to Arbitration Article 75_

and for such other and further relief as this Court may deem just and proper.

Dated: _June 15_ , 200_1_
        [date signed]

Respectfully submitted,

_Kyle Jiggetts_
_1595 unionPort Road_
_Apt. 9D  BX, NY 10462_
_347-436-6619._
                              Petitioner(s)

To: Respondent(s)

_____

_____

_____

[name, address, telephone number]

[your name, address, telephone number]

4-06

[Print in _black_ ink to fill in the spaces next to the instructions]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
In the Matter of the Application of

_Kyle Jiggetts_,
[fill in name(s)]                          Petitioner(s)

- against -

_Seiu, Local 32BJ, AlliedBarton_
_Security Services_

_____
[fill in name(s)]                          Respondent(s)
-----------------------------------------------------------------x

Index Number

_11-401608_

VERIFIED PETITION

TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

The petition of _____ _Kyle Jiggetts_ _____ [your name] respectfully
shows to this Court as follows:

1. Petitioner resides at _1595 UnionPort Road Apt. 9D_
_Bronx, Ny 10462_ _____ [your address]

2. The respondent(s) is/are [identify the respondent(s)] _Seiu, Local 32BJ,_
_AlliedBarton security Services_

_____

_____

3. [Describe what you are requesting. Add more pages if needed. If you are appealing
the decision of a government agency, give the date and outcome of the final determination.
Explain why this Court should reverse that decision.] _I request that the_
_court compel Defendants to Arbitrate my case_
_under Article 75 (Arbitration) Laura Gift Admitted_
_in a deposition that AlliedBarton are still hiring_
_and I know For A Fact the Security Guards_
_with less seniority that were laid off were_
_recalled in violation of the CBA. I have_
_been unemployed for Almost A year because_
_of this discrimination._

I also filed A charge with the U.S. National Labor relations Board against the union just in case I have to go to Federal court in violation of The LMRA - 1947. AlliedBarton security services is retaliating against me because I filed lawsuits against them for employment discrimination.

4. Attached are copies of all relevant documents. [**Attach the decision you are asking the court to reverse as Exhibit A. Attach any other documents as Exhibit B, Exhibit C, and so on. List additional Exhibits on separate page.**]

Exhibit **A** -

Exhibit **B** -

Exhibit **C** -

Exhibit **D** -

Exhibit **E** -

5. A prior application *has not / has* [**circle one**] been made for the relief now requested. [If you made this application before in this or any other court, describe where, when, the result and why you are making it again.]   *N /A*

VerPet4-06

WHEREFORE, your deponent respectfully requests that this Court [*briefly describe what you are requesting*]: _Compel Arbitration Article 75 and make me whole._

_June 15_, 2011
**[date signed]**

_Kyle Jiggetts_
Petitioner **[sign your name]**

_Kyle Jiggetts_
**[print your name]**

_1595 Unionport Road
Apt. 9D Bronx, NY 10462
347-436-6619._
**[your address and telephone no.]**

## VERIFICATION

STATE OF NEW YORK
COUNTY OF _New York_ : ss:

_Kyle Jiggetts_ **[your name]**, being duly sworn, deposes and says that: I am the petitioner in this proceeding; I have read the foregoing petition and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe it to be true.

Sworn to before me on

_____ day **JUN 1 5 2011** , 200 _____

_Anna Dong_
Notary Public

ANNA DONG
Notary Public, State of New York
Reg. No. 04DO6228919
Qualified in New York County
Commission Expires Sept. 27, 20 _14_

_Kyle Jiggetts_
Petitioner **[sign your name in front of a Notary]**

_Kyle Jiggetts_
**[print your name]**

VerPet4-06

Sir/Madam:

Please take notice that the within is a (certified) true copy of a

within named court on the _____ day of _____ , 200 _____

duly entered in the office of the clerk of the

Dated:

Attorney for: _____

Yours, etc.

To: _____
Plaintiff/Petitioner
Defendant/Respondent

Attorney(s) for _____

Office and Post
Office Address

*********************NOTICE OF SETTLEMENT*****************

Sir/Madam:

Please take notice that an _____

of which the within is a true copy will be presented for settlement

to the Hon. _____ , one of the Justices

of the within named court at _____

_____ , 200 _____ at _____ AM/PM , on

Dated: _____ , 200 _____     Yours, etc

Plaintiff/Petitioner
Defendant/Respondent

To: _____

Attorney(s) for

---

INDEX NO. _11-401606_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Kyle Jiggetts

Plaintiff/Petitioner

- against -

Seiu Local 32BJ, AlliedBarton,
Security Services

Defendant/Respondent

To the best of my knowledge, information and belief,
formed after an inquiry reasonable under the circumstances,
the presentation of these papers or the contentions therein
are not frivolous as defined in subsection (c) of Section
130-1.1 of the Rules of the Chief Administrator (22NYCRR)

Sign Name: _Kyle Jiggetts_

Print Name: _Kyle Jiggetts_

Address: _1595 Union Port Road_
_Bronx NY 10462_

Telephone _347-436-6619._

Service of a copy of the within is hereby admitted

Dated: _____ , 200 _____

Attorney for _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

KYLE JIGGETTS,

                              Plaintiff,

                                          INDEX NO. 11-401608

        -against-
                                          COMPLAINT

SEIU, LOCAL 32BJ, ALLIEDBARTON
SECURITY SERVICES

                    Defendants
_____X

TO THE SUPREME COURT OF THE STATE OF NEW YORK

        The complaint of the plaintiff, Kyle Jiggetts, respectfully shows and alleges as follows:

1.  The plaintiff herein, Kyle Jiggetts, is a resident of the State of New York.  Mr. Kyle Jiggetts

resides at 1595 Unionport Road, apt. 9D Bronx, NY. 10462.

2.  The defendant SEIU, Local 32BJ Union is located at 101 Avenue of the Americas, New York

NY 10013 and defendant AlliedBarton Security Services is located at 99 Madison Avenue 15th

floor New York, NY 10016.

3.  Plaintiff Kyle Jiggetts suffered financially and emotionally since June 30, 2010.

4.  SEIU,Local 32BJ and AlliedBarton Security Services signed a collective bargaining agreement

on or about July 1, 2009.

5.  The contract states that employees with seniority who were laid-off shall be recalled based on

qualification.  See Page 10

6.  From June 30, 2010 up until the present date June 13, 2011, there were employees with less

seniority that were laid-off and recalled.

7.  Laura Gift, a director of human resources of AlliedBarton Security services admitted in a deposi-

tion held on November of 2010 that she was still hiring.

8.   SEIU, Local 32BJ, violated the contract by not processing my grievance I filed in July or August of 2010.

9.   By reason of the facts and circumstances stated above, the defendants violated the contract.

10.  By reason of the facts and circumstances stated above, the plaintiff has been damaged by defendants in the sum of $150,000.00, plus interest from June 30, 2010 up until the present date, June 13, 2011, cost and disbursements, together with to compel  arbitration and with any other relief the courts finds to be just and proper.


Date:   June 13, 2011

_Kyle Jiggetts_
(sign)

_Kyle Jiggetts_
(print)

1595 Unionport Road, apt. 9D
Bronx, NY  10462
347-436-6619

Exibit - A - Grievance
Exibit - B - Grievance
Exibit - C - Grievance
Exibit - D - Grievance
Exibit - E - CBA pages 9 and 10
Exibit - F - page #1 #1 seniority CBA
Exibits - G Through K, witnesses



**32BJ**

**SEIU**

**Stronger Together**

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

**MICHAEL P. FISHMAN**
President

**KEVIN J. DOYLE**
Executive Vice President

**HÉCTOR J. FIGUEROA**
Secretary-Treasurer

**KYLE BRAGG**
Vice President

**LENORE FRIEDLAENDER**
Vice President

**BRIAN LAMBERT**
Vice President

**VALARIE LONG**
Vice President

**Online at**
www.seiu32BJ.org

**Local 32BJ Headquarters**
101 Avenue of the Americas
New York, NY 10013-1991
212.388.3800

**Connecticut District**
800.228.5253
Hartford  860.560.8674
Stamford  203.602.6615

**Westchester District**
914.637.7000

**Long Island District**
516.579.4020

**New Jersey District**
866.5JANITOR
973.824.3225

**Philadelphia District**
215.226.3600

**District 82**
Washington  202.387.3211
Baltimore  410.225.7511
Silver Spring  301.562.9301

October 7, 2010

**VIA EMAIL AND VIA U.S. MAIL**

AlliedBarton Security Services
99 Madison Avenue, 15th Floor
New York, NY 10016
Attn: Laura Gift, Director of Human Resources
Email: laura.gift@alliedbarton.com

> **Re:**   **501 Courtland Avenue**
> **Kyle Jiggetts**
> **Case No. 315432**

Dear Ms. Gift:

SEIU Local 32BJ and AlliedBarton Security Services are signatory to a collective bargaining agreement which provides that in the event of disputes, the matter shall be referred a rotating panel of arbitrators chosen by the parties.

Since the parties have been unable to resolve the dispute concerning the following claims, we submit this grievance for arbitration pursuant to Article XXV of the collective bargaining agreement.

The dispute is as follows:

Claim #1:  Member claims he has been laid off and workers with less seniority have been given work at other locations, in violation of Article X of the collective bargaining agreement.  The Union seeks that the member be placed at a work site and made whole for any losses.

A copy of the Union's grievance letter is attached for reference.

Very truly yours,

Dan Wilson
Complaint and Arbitration Coordinator

cc:   LaShawn Henry, Grievance Representative, SEIU Local 32BJ
Kyle Jiggetts, 1595 Union Port Road, #9D, Bronx, NY 10462

Exhibit-A



**SEIU**

*Stronger Together*

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

**MICHAEL P. FISHMAN**
*President*

**KEVIN J. DOYLE**
*Executive Vice President*

**HÉCTOR J. FIGUEROA**
*Secretary-Treasurer*

**KYLE BRAGG**
*Vice President*

**LENORE FRIEDLAENDER**
*Vice President*

**BRIAN LAMBERT**
*Vice President*

**VALARIE LONG**
*Vice President*

**Online at**
www.seiu32BJ.org

**Local 32BJ Headquarters**
101 Avenue of the Americas
New York, NY 10013-1991
212.388.3800

**Connecticut District**
800.228.5253
Hartford 860.560.8674
Stamford 203.602.6615

**Westchester District**
914.637.7000

**Long Island District**
516.579.4020

**New Jersey District**
866.5.JANITOR
973.824.3225

**Philadelphia District**
215.226.3600

**District 82**
Washington 202.387.3211
Baltimore 410.225.7511
Silver Spring 301.562.9301

August 27, 2010

<u>**VIA EMAIL AND VIA U.S. MAIL**</u>

AlliedBarton Security Services
99 Madison Avenue, 15th Floor
New York, NY 10016
Attn: Laura Gift, Director of Human Resources
Email: laura.gift@alliedbarton.com

Re:     **501 Courtland Avenue**
        **Kyle Jiggetts**
        **Case No. 315432**

To Whom It May Concern:

Please be advised that a dispute has arisen under the collective bargaining agreement between SEIU Local 32BJ and ALLIED BARTON SECURITY SERVICES regarding Kyle Jiggetts.

The dispute is as follows:

**Claim #1:** Member claims he has been laid off and workers with less seniority have been given work at other locations, in violation of Article X of the collective bargaining agreement. The Union seeks that the member be placed at a work site and made whole for any losses.

If you have any questions, please feel free to contact LaShawn Henry, at 212-388-3387.

Sincerely,

Dan Wilson
Complaint and Arbitration Coordinator
212-388-3103

cc:     LaShawn Henry, Grievance Representative
        Kyle Jiggetts, 1595 Union Port Road, #9D, Bronx, NY 10462

*Exibit - B*

 **INTEGRATED UNION ADMINISTRATION SYSTEM**

*Version: 1.3.1*

Main Menu | Logout

## SEIU LOCAL 32BJ COMPLAINT FORM

LIST   EDIT

EVENTS | NOTES | MEMBER | EMPLOYER | WORK LOCATION/CONTRACT | CLAIMS | REMEDIES | COMPLAINT FORM | LETTERS

| | | |
|---|---|---|
| **DATE FILED:** 08/26/2010 | DIVISION: **Security** | COMPLAINT #: **315432** |
| **MEMBER NAME: JIGGETTS, KYLE** | MEMBER ID: **0000398066** | MEMBER SSN: ***-**-0377 |
| **MEMBER ADDR: 1595 Union Port Road** | MEMBER HOME: | MEMBER CELL: **(347)436-6619** |
| **Apt 9D** | CALL TIME: **AM-Morning** | CALL TIME: **AM-Morning** |
| **BRONX NY 10462** | EMAIL: | |
| **WORK LOCATION: 501 COURTLAND AVENUE** | OWNER: | |
| | CONTRACT: | |
| **EMPLOYER: ALLIED BARTON SECURITY SERVICES, LLC (ABSS)** | | |
| **EMPLOYER ADDR: 99 MADISON AVENUE, 15TH FLOOR** | | |
| **NEW YORK NY 10016** | | |

| | | | |
|---|---|---|---|
| OCCUPATION: **Security Officer** | SHIFT: **Day** | | |
| TIME IN INDUSTRY: **12 Years** | TIME AT WORK LOCATION: **4 Years** | TIME WITH EMPLOYER: **4 Years** | |
| LANGUAGE SPOKEN: | TRANSLATION NEEDED: **No** | | |

NATURE OF CLAIM:

CV3 - Member claims he has been laid off, and workers with less seniority have been given work at other locations.

**I understand that I am required to inform the 32BJ Grievance Center in writing of a change in my address or telephone and cell numbers. I realize that a failure to do this may result in my claim being dismissed, heard or settled without me being present.**

MEMBER SIGNATURE: *Kyle Jiggetts*

DATE: 8/26/10

| | | | |
|---|---|---|---|
| GRIEVANCE REP: **LaShawn Henry** | PHONE: **(212)388-3387** | FAX: **(212)388-3952** | |
| GRIEVANCE CENTER PHONE: **(212)388-3388** | | INTAKE BY: **fm** | |

*Exibit-c*

 **INTEGRATED UNION ADMINISTRATION SYSTEM**                    *Version: 2.0.3*

Main Menu | Logout

**SEIU LOCAL 32BJ COMPLAINT FORM**                                               LIST  EDIT

EVENTS | NOTES | MEMBER | EMPLOYER | WORK LOCATION/CONTRACT | CLAIMS | REMEDIES | COMPLAINT FORM | LETTERS

| | |
|---|---|
| DATE FILED:  **12/02/2010** | DIVISION:                               COMPLAINT #: **360662** |

MEMBER NAME: **JIGGETTS, KYLE**          MEMBER ID:    **0000398066** MEMBER SSN: ***-**-0377

MEMBER ADDR: **1595 UNION PORT ROAD**    MEMBER HOME:               MEMBER CELL: **(347)436-6619**
**APT 9D**
**BRONX NY 10462**                       CALL TIME:  **AM-Morning** CALL TIME:  **AM-Morning**

EMAIL:

EMPLOYER:  **ALLIED BARTON SECURITY SERVICES, LLC (ABSS)** ASSOCIATION:
WORK
LOCATION:  **501 COURTLAND AVENUE**      CONTRACT:

RIDER/ASSENT:  **Y**

GRIEVANCE
EMPLOYER:  **ALLIED BARTON SECURITY SERVICES, LLC (ABSS)**

GRIEVANCE
ADDR:      **99 MADISON AVENUE, 15TH FLOOR**
**NEW YORK NY 10016**

OCCUPATION:  **Security Officer**        SHIFT:    **Day**
TIME IN
INDUSTRY:  **4 Years**                   TIME AT
                                         WORK LOCATION: **26 Months**  TIME WITH EMPLOYER: **4 Years**

LANGUAGE
SPOKEN:                                  TRANSLATION
                                         NEEDED:

NATURE OF CLAIM:
**RJF3 -  Member states that the Employer refuses to recall him from layoff effective July 1, 2010.**

I understand that I am required to inform the 32BJ Grievance Center in writing of a change in my address or telephone and cell numbers.  I realize that a failure to do this may result in my claim being dismissed, heard or settled without me being present.

*Kyle Jiggetts*                                                    **12-2-10**
MEMBER SIGNATURE                                                   DATE

| | | | |
|---|---|---|---|
| GRIEVANCE REP:  **LaShawn Henry** | PHONE:  **(212)388-3387** | FAX: | **(212)388-3952** |
| GRIEVANCE CENTER PHONE:  **(212)388-3388** | | INTAKE BY: | **ew** |

Exhibit-D

# <u>NEW YORK CITY</u>

# <u>COLLECTIVE BARGAINING AGREEMENT</u>

## MADE BETWEEN THE FOLLOWING PARTIES:

## SECURITAS SECURITY SERVICES USA, INC.

## ALLIEDBARTON SECURITY SERVICES LLC

### AND

## SERVICE EMPLOYEES INTERNATIONAL UNION
## LOCAL 32BJ

**EFFECTIVE**
**JULY 1, 2008**

**THROUGH**
**JUNE 30, 2012**

Exibit - E

prior to the takeover for purposes of determining completion of the probationary period as set forth in Article 14.2.

2.    **Customer Demands.**  If a customer demands  that the incoming Employer remove an employee from continued employment at the location, the Employer shall have the right to comply with such demand, provided that the Employer shall make a good faith attempt to obtain the customer/tenant's demand in a writing or the Employer shall make a good faith attempt to obtain from the customer/tenant a good faith reason to justify such removal apart from the demand itself.  In such case, the Employer shall place such employee in accordance with Article 7.4 above.

3.    **Better Terms.**  If any employee or group of employees at any location covered by Art. 1 had in effect on the effective date of this Agreement (or date this Agreement applies to a location) terms or conditions  better than those provided for in this Agreement or other collective bargaining agreement with the Union covering the location with respect to wages, hours, sick pay, vacations, holidays, premium pay, relief periods, jury duty, or other economic or leave issues – such better terms or conditions shall be continued only for such employee(s) employed by the Employer on the effective date (or date this Agreement applies to the location), unless the Union and the Employer agree otherwise.

4.    **Cancellation and Notification.**  The Employer shall, within a reasonable amount of time not to exceed 10 business days, notify the Union in writing if the Employer receives written cancellation of a client-account (or cancellation of a specific site-account).  The Employer shall provide the Union with a list of all employees at the client-account site, their wage rates, the number of hours worked, the dates of hire, the number of sick days used, the number of holidays worked or taken as time off, benefit contributions made for employees, and vacation benefits.

## ARTICLE X:
## SENIORITY

1.    **Definition.**  Seniority shall be defined as an employee's length of service with the employer or at the facility, whichever is greater, regardless of whether there was a Collective Bargaining Agreement covering the facility.

2.    **Date.**  After completion of the trial or probationary period, an employee shall attain

seniority as of his/her original date of employment.

3.   **Broken.**  Seniority shall be broken by any of the following events:

    a.    resignation, retirement, or voluntary termination;

    b.    discharge for cause;

    c.    voluntary promotion into any non-bargaining unit position, unless an employee returns to the bargaining unit within six (6) months of the promotion, in which case the employee's seniority will be fully restored, less any time spent in the non-bargaining unit position;

    d.    inactive employment for any reason exceeding six months, or an employee's length of seniority, whichever is less; or,

    e.    failure to return to work after any leave within three (3) calendar days after a scheduled date for return, unless prior written notice is received by the Employer.

4.   **Seniority Determinative.**  Assignments, promotions, the filling of vacancies, layoffs, and recalls shall be determined on the basis of seniority, provided that – in the sole and exclusive opinion of the Employer – the employee is qualified, suitable, and available to work.  Seniority shall be determinative only when all other job-related factors are equal.

5.   **No Bumping.**  An employee who is laid-off shall not be permitted to bump a less senior employee at another facility, but shall be permitted to obtain a vacant position at another location/site consistent with the provisions of Art. 10.4 *infra*.  The Employer will give first consideration to filling vacancies to employees on a recall list.  Employees may remain on the recall list for three months.

6.   **Involuntary Transfers.**  In the event an Employer temporarily or permanently assigns an employee to other sites covered by this Agreement for non-economic reasons or in the event of a reduction of hours at a client site, said transfer shall not be arbitrary or capricious and the employee(s) transferred shall receive those terms and conditions applicable to the site to which he or she is transferred.   In assigning or transferring employees in accordance with this paragraph, the Employer shall in good faith attempt to transfer or assign the employee to a position of like or similar terms and conditions, except in no case shall said transfer cause an employee to lose his or her health care benefits.

July 2, 2009

RIDER,

Between

AlliedBarton Security Services ("ABSS")
and

Local 32BJ SEIU

covering

City of New York Locations

With respect to City of New York locations covered by AlliedBarton's agreement with N.Y.C.
Department of Citywide Administrative Services ("DCAS") or any subsequent service contract
with the City of New York ("CNY"), the Parties adopt the provisions contained in their New
York City Collective Bargaining Agreement (the "NYC Agreement"), except as modified below:

1. **Article X Seniority:** delete definition in paragraph one and replace with the following:

   Seniority shall be the employee's hire date with ABSS, or date on which continuous
   employment at a CNY account commenced, whichever is greater, as set forth in an
   agreed upon seniority list.

2. **Article XI Workweek/Overtime:** add the following:

   Employees shall be paid at the rate of time and one-half (1½) for all hours worked in
   excess of eight (8) hours each day to the extent required by New York Labor Law Section
   232.

3. **Article XIII Wages:** delete and replace with the following:

   A. Through June 30, 2009, ABSS shall comply with the prevailing wage and benefits
      rates set by the New York City Office of the Comptroller for the period July 1, 2008 –
      June 30, 2009.

      Through June 30, 2009, there shall be two (2) basic classifications of Security
      Officers: Security Officer Level I and Security Officer Level II. The determination
      as to whether an Employee is classified as either a Security Officer Level I or
      Security Officer Level II will depend upon whether the Employee has met the
      qualifications set forth the DCAS contract with the Employer and the existence of an
      opening/vacancy within the Security Officer Level II classification as directed by the
      City of New York.

      1. Employees classified at Security Officer Level I shall be paid at the rate of
         $11.35 per hour.

1

Exibit - F

Declaration of Cynthia Tompkins

1.  I, Cynthia Tompkins is currently employed with AlliedBarton Security Services in the DCAS

    Contract.  Local 32BJ, SEIU caused many security guards to lose their jobs and be discriminated

    against by AlliedBarton's managers and city employees.  I went to several of local 32BJ,SEIU

    meetings and actions.  They would tell the security guards that we were getting terminated and

    harassed.  They told us how many security guards were being terminated, transferred, and

    taken off schedule and harassed.  Local 32BJ, SEIU caused these adverse employment actions

    and did nothing to help us.  We went 3 years without paid vacations, sick leave  and holidays.


    I, declare under penalty of perjury that the foregoing is true and correct.


Date:  March 8, 2011

Cynthia Tompkins
646-262-0756

G7

## DECLARATION

RE: SEIU, Local 32BJ

I, Donna Leak used to work for Allied Barton Security Services.  I have a discrimination case against them and DCAS case 09 .CIV.7931/AKH.  In a deposition on November 17, 2010 Maria Colon Ortiz a DCAS employee stated that Kyle Jiggetts has an e-mail against him that came from her higher ups. She did not state what the e-mail said.  Mike Sicilliano a DCAS deputy commissioner stated in a deposition on December 15, 2010 that Kyle Jiggetts doesn't have anything written against him. Local 32BJ, SEIU is in collusion with Allied Barton and has not honored the collective bargaining agreement.  They refuse to represent the security guards.

I, declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 17, 2011

Donna Leak

H

Declaration of Donna Leak

1. My name is Donna Leak. AlliedBarton Security Services was my former employer. I was employed with them from December 1, 2006 through September of 2008. Local 32BJ, SEIU, was organizing the security guards. They began organizing us when Tristar Patrol Services Inc. had the DCAS contract. The majority of Tristar security guards signed petitions to be represented by Local 32BJ, SEIU.

2. After AlliedBarton became the successor contractor, former Tristar security guards began losing our Jobs. We were discriminated against by the City of New York, and AlliedBarton while Local 32BJ, SEIU did not protect us against unfair labor practices which is a federal law violation. This was collusion which is a fraud , an illegal agreement that Local 32BJ, SEIU had with DCAS and Allied Barton. This is intentional discrimination. Local 32BJ, SEIU told us how many Tristar guards were being terminated for unjust cause, harassed, intimidated and discriminated against and Local 32BJ, SEIU did nothing to protect us.

3. Many former Tristar guards were treated very bad. The AlliedBarton security guards went 3 years without vacations, paid sick, and holidays. We were treated like we were slaves. I find this racist because the majority of former Tristar guards are African Americans.

I, declare under penalty of perjury that the foregoing is true and correct.

Date: March 8, 2011

Donna Leak

1595 Unionport Road
Apt. 9D
Bronx, NY 10462
Cell 646-639-2402

I

Name: Donna Leak
Re: Discrimination

I, Donna Leak witnessed the discrimination against Kyle Jiggetts.

I was a Supervisor at 1932 Arthur Avenue in the Bronx. Kyle Jiggetts was Transferred from one centre street. Sergeant Maria O. Colon and Deputy Director Dan Kim Said that Kyle Jiggetts was banned because he complained to the EEOC and union Activity. Maria O. Colon Admitted in a deposition that she tried to devide myself and Kyle Jiggetts to protect me from his Law Suit. This incident took place in the summer of year 2006. The deposition was November 16th, 17th 2010. Laura Gift, the Director of Human resources Admitted under oath that Allied Barton is still hiring. Kyle Jiggetts is laid off and should be working but, because of the city of New York and Allied Barton Security Services discriminatory Practices he is not. Local 32 BJ, Seiu is in Collusion with Allied Barton.

I Declare under Penalty of perJury that the Fore going is True And Correct.

December 6, 2010                    Donna Leak

J

## DECLARATION

RE: SEIU, Local 32BJ


I, Cynthia Tompkins is presently employed with Allied Barton Security Services. I have filed a complaint in federal court against Allied Barton and Local 32BJ for failure to represent me. I have been complaining about Jeff Bermudez a manager for Allied Barton discriminating against me based on seniority which is in the CBA. I filed a grievance and Local 32BJ have done nothing. I had to go to the U.S. EECO. Local 32BJ, SEIU does not represent security guards of Allied Barton. many security guards are complaining about Local 32BJ not representing them.


I declare under penalty of perjury that the foregoing is true and correct.


Dated:  January 18, 2011

*Cynthia Tompkins*

Cynthia Tompkins


K