UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KYLE JIGGETTS,

        Plaintiff,

-v-                                  No. 11 Civ. 4667 (LTS)(MHD)

LOCAL 32BJ, SEIU and ALLIEDBARTON
SECURITY SERVICES,

        Defendants.

-------------------------------------------------------x



## ORDER

        Pro se Plaintiff brings this action against Local Union 32BJ ("Local 32BJ") and AlliedBarton Security Services ("AlliedBarton"). Plaintiff asserts claims against AlliedBarton, his former employer, for breach of contract under its collective bargaining agreement (the "CBA") with Local 32BJ. Plaintiff also maintains that AlliedBarton unlawfully retaliated against him for complaining about discrimination. Finally, the Plaintiff alleges that the Union failed in its duty of fair representation under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 159 (the "LMRA"). Defendant AlliedBarton moves to dismiss the complaint on grounds of claim preclusion.

        This is at least the fifth lawsuit that Jiggetts has filed arising out of his employment as a security guard by AlliedBarton.[1] The most significant of these cases for present

---

[1]    The first three actions are described in Jiggetts v. New York City Dep't of Citywide Admin. Servs., 2012 U.S. Dist. LEXIS 15747, at *7-13 (S.D.N.Y. Jan. 6, 2012) (granting motion to dismiss), adopted by 2012 U.S. Dist. LEXIS 24919 (S.D.N.Y., Feb. 27, 2012). Plaintiff filed a fourth action, which was dismissed

purposes is <u>Jiggetts v. AlliedBarton Security Services, et al.</u>, 10 Civ. 9082(DAB) ("<u>Jiggetts II</u>"). As here, Plaintiff alleged in <u>Jiggetts II</u> that AlliedBarton breached its contract by recalling guards with less seniority after Plaintiff was laid off, thereby violating the CBA between AlliedBarton and Local32BJ. He also brought a hybrid claim under the LMRA alleging that AlliedBarton had violated the CBA and that Local 32BJ had failed in its duty of fair representation. Finally, Plaintiff alleged (in language identical to that in his present complaint) that AlliedBarton "retaliat[ed] against [him] because [he] complained about discrimination." On September 13, 2011, Judge Batts adopted a Report and Recommendation dismissing the complaint, in relevant part, on the grounds that (1) AlliedBarton did not breach its contract by recalling employees with less seniority; (2) Local 32BJ was under no obligation to grieve Platiniff's meritless complaint against AlliedBarton; and (3) Plaintiff failed to allege any cognizable adverse action resulting from any alleged retaliation. See <u>Jiggetts v. Local 32BJ, SEIU</u>, 10 Civ. 9082(DAB), 2011 WL 4056312 (S.D.N.Y. Aug. 10, 2011), <u>adopted</u>, 2011 WL 4072033 (S.D.N.Y. Sept. 13, 2011).

To invoke the doctrine of claim preclusion, a party must show that 1) "the previous action involved an adjudication on the merits," 2) "the previous action involved the [same parties] or those in privity with them," and 3) "the claims asserted in the subsequent action were, or could have been, raised in the prior action." <u>Pike v. Freeman</u>, 266 F.3d 78, 91 (2d Cir. 2001) (quoting <u>Monahan v. N.Y.C. Dep't of Corr.</u>, 214 F.3d 275, 284-85 (2d Cir. 2000)). AlliedBarton has satisfied all three elements. Judge Batts' granting of the motion to dismiss the complaint in <u>Jiggetts II</u> constituted an adjudication on the merits. <u>Teltronics Servs., Inc. v. LM</u>

---

sua sponte in New York Supreme Court.

Ericcson Telecomm., Inc., 642 F. 2d 31, 34-35 (2d Cir. 1981) (Rule 12(b)(6) judgments "are on the merits, with res judicata effects"). Jiggetts, AlliedBarton, and Local 32BJ were parties to Jiggets II. Finally, Jiggetts II arose out of the same operative facts as this case. Thus, to the extent there are any claims here that were not raised in Jiggetts II (and there do not appear to be) Jiggetts could have raised them in Jiggetts II.

    Accordingly, the Court grants Defendant's motion to dismiss the complaint in this case with prejudice. This Order resolves docket entry nos. 18 and 25. The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

    SO ORDERED.

Dated: New York, New York
       July 17, 2012

_____
LAURA TAYLOR SWAIN
United States District Judge